### THE STATE OF MISSOURI, Plaintiff in Error, *vs.* SMITH, Defendant in Error.

1. Under the 24th section of article 3 of the act concerning "Crimes and Punishments," (R. S. 1845) a person may be indicted in the same count for burglary and either grand or petit larceny.

#### *Error to Chariton Circuit Court.*

*Gardenhire*, attorney general, for the State, contended, 1. That a motion does not lie to quash an indictment for a felony. 1 Chitty's Crim. Law, side paging, 299. *State* v. *Rector*, 11 Mo. Rep. 28. 1 Ch. Pl. 300. 2. That the indictment was sufficient. Sec. 24 of art. 3 of act concerning crimes and punishments, R. S. 1845.

SCOTT, Judge, delivered the opinion of the court.

Smith was indicted for burglary in entering a dwelling house and stealing therefrom goods of the value of two dollars. On his motion, for the following reasons, or some of them, the indictment was quashed, viz:

1. Because said indictment, in the same count, charges the defendant with a felony and a misdemeanor.

2. Because said indictment, in the same count, charges the defendant with two distinct offences, for which the judgment and punishment would, on conviction, be different.

3. Because said indictment charges defendant with a mis-

demeanor, for which a prosecutor is required by law to endorse his name on the indictment, or which must be presented on the information of two of the jury, and no such name is endorsed, nor is such presentment made.

4. Because there is no offence sufficiently charged in said indictment.

5. Because said indictment is in other respects informal and insufficient.

We do not conceive how this matter can be rendered plainer than it is by the 24th section of the third article of the act concerning crimes and punishments. That section enacts that " if any person, on committing burglary, shall also commit a larceny, he may be prosecuted for both offences in the same count, or in separate counts in the same indictment, and on conviction of such burglary and larceny, shall be punished by imprisonment in the penitentiary, in addition to the punishment heretofore prescribed for the burglary, not exceeding five years." Now, surely, the word " larceny" will comprehend *petit* as well as grand larceny. Of this there can be no doubt. The other Judges concurring, the judgment will be reversed and the cause remanded.